IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISETTE FAVELA; and MIGUEL ESPINO,<br><br>                      Plaintiffs,<br><br>vs.<br><br>AEROVIAS DE MEXICO S.A. DE C.V. (INC.), a foreign corporation, d/b/a AEROMEXICO; and AEROLITORAL SA DE CV, a foreign corporation, d/b/a AEROMEXICO CONNECT,<br><br>                      Defendants. | Case No:<br><br>District Judge: |

**NOTICE OF REMOVAL**

Defendant Aerovías de México, S.A. de C.V. d/b/a Aeroméxico ("Aeromexico") by and through its attorneys, KMA Zuckert LLC and Condon & Forsyth LLP, hereby removes this pending action, Case No. 2018 L 008659, from the Circuit Court of Cook County, Illinois, Law Division, to the United States District Court for the Northern District of Illinois on the following ground:

1. This action was commenced against Aeromexico in the Circuit Court of Cook County, Illinois, County Department, Law Division, by the filing of a Complaint on August 10, 2018. In accordance with 28 U.S.C. § 1446(a), Defendant Aeromexico attaches to this Notice of Removal a copy of all process, pleadings and orders on file in the Circuit Court of Cook County action at the time of removal that pertain to Aeromexico. *See* Exhibits A through D attached hereto.

2. In accordance with 28 U.S.C. § 1446(d), following the filing of this Notice, written notice of the filing of this Notice of Removal will be given to the Plaintiffs and will be filed with the Clerk of Court for the Circuit Court of Cook County, Illinois.

3. This Notice of Removal is timely in accordance with 1446(b). Service of the Complaint was effected on Aeromexico on August 20, 2018, through its designated agent for service of process, C.T. Corporation. Aeromexico previously removed the action to this Court on September 4, 2018 and the matter was assigned Case No. 1:18-cv-06049. *See* Exhibit B. The action was remanded to the Circuit Court of Cook County, Illinois, County Department, Law Division by this Court's Memorandum and Opinion entered in the related action, captioned *Garcia v. Aerovías de México, S.A. de C.V. d/b/a Aeroméxico*, Case No. 1:18-cv-05517, on December 13, 2018. [ECF 40].[1] On January 2, 2019, counsel for Plaintiffs signed a stipulation confirming that Plaintiffs are each separately seeking damages in excess of $75,000, exclusive of interest and costs. *See* Exhibit E. No further proceedings have occurred in the action. Re-removal of the case is proper and timely because the amount in controversy, the basis for remanding for lack of diversity of citizenship, has now been established by stipulation of Plaintiffs on January 2, 2019. *See Benson v. SI Handling Systems, Inc.*, 188 F.3d 780, 782-83 (7th Cir. 1999).

4. On July 31, 2018, defendant Aerolitoral S.A. de C.V. d/b/a Aeroméxico Connect ("Aerolitoral")[2] operated a regularly scheduled flight, designated as Flight 2431, from Durango, Mexico, to Mexico City, Mexico. Plaintiff Favela was a passenger on board Aerolitoral Flight 2431 when it crashed during takeoff from General Guadalupe Victoria International Airport, also known as Durango International Airport, resulting in personal injuries to a number of passengers and crew members. Plaintiff Favela alleges that she was traveling pursuant to a contract of carriage

---

[1] On September 11, 2018, prior to remand of Case No. 1:18-cv-06049, Aeromexico filed its Answer, Affirmative Defenses and Rule 44.1 Notice, *see* [ECF 11], and its Fed. R. Civ. P. 7.1 Disclosure and Local Rule 3.2 Notification as to Affiliates, *see* [ECF 12], copies of which are attached hereto as Exhibits C and D, respectively.

[2] Defendant Aerolitoral has not been served in this action and consent for removal is not required.

2

that provided for international carriage from Durango, Mexico to the City of Chicago, State of Illinois and that her final destination was Chicago, Illinois. *See* Exhibit A, Complaint, p. 2, ¶¶ 5 and 6. Plaintiff Favela and her husband, Plaintiff Espino, seek damages for serious personal injuries Plaintiff Favela allegedly sustained in the crash. *See* Exhibit A, Complaint, p. 3, ¶ 12.

**GROUND FOR REMOVAL**

**ORIGINAL JURISDICTION FOUNDED ON DIVERSITY OF CITIZENSHIP UNDER 28 U.S.C. § 1332**

5. This is a civil action over which this Court has original jurisdiction based on the existence of diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court by Aeromexico pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state.

6. Plaintiffs Lisette Favela and Miguel Espino are both citizens of the State of Illinois.

7. Aeromexico is not now and never has been a citizen of the State of Illinois. Aeromexico – a commercial air carrier – is now and at all times relevant to this action was a corporation (*Sociedad Anónima de Capital Variable*) organized and existing under the laws of Mexico, with its principal place of business located in Mexico City, Mexico.

8. Aerolitoral is not now and never has been a citizen of the State of Illinois. Aerolitoral – a commercial air carrier – is now and at all times relevant to this action was a corporation (*Sociedad Anónima de Capital Variable*) organized and existing under the laws of Mexico, with its principal place of business located in Nuevo Leon, Mexico.

9. Plaintiffs' claim arises from the crash of Aerolitoral Flight 2431 which resulted in

total destruction of the aircraft. Plaintiff Favela alleges that she suffered injuries of a personal and pecuniary nature, including bodily injury. *See* Exhibit A, Complaint, p. 3, ¶ 12. Plaintiff Espino alleges that he has suffered the loss of consortium of his spouse, Plaintiff Favela, as a result of injuries of a personal and pecuniary nature that she allegedly sustained. *See* Exhibit A, Complaint, pp. 5-6, ¶¶ 12, 14. The amount in controversy as to each of the claimants, Lisette Favela and Miguel Espino, separately exceeds the sum or value of $75,000, exclusive of interest and costs. *See* Exhibit E, Stipulation.

10. Accordingly, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1332 and 1441(a).

WHEREFORE, Aerovías de México, S.A. de C.V., prays that the above-entitled action now pending in the Circuit Court of Cook County, Illinois, Law Division be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1332.

Dated: January 11, 2019

Respectfully submitted,

*s/ Richard A. Walker*
Telly Andrews – ARDC No. 6242431
Richard A. Walker – ARDC No. 6196947
KMA ZUCKERT LLC
200 West Madison Street, 16th Floor
Chicago, Illinois 60606
tandrews@kmazuckert.com
rwalker@kmazuckert.com
Telephone: (312) 345-3000
Facsimile: (312) 345-3119

- and-

John Maggio – Bar No. 2797645
CONDON & FORSYTH LLP
7 Times Square
New York, New York 10036
jmaggio@condonlaw.com
Telephone: (212) 894-6700

Facsimile: (212) 370-4453

Scott D. Cunningham – Bar No. 200413
CONDON & FORSYTH LLP
1901 Avenue of the Stars – Suite 850
Los Angeles, California 90067
scunningham@condonlaw.com
Telephone: (310) 557-2030
Facsimile: (310) 557-1299

*Attorneys for Defendant*
*Aerovías de México, S.A. de C.V. d/b/a*
*Aeroméxico*

## CERTIFICATE OF SERVICE

  The undersigned certifies that, on January 11, 2019, pursuant to Fed. R. Civ. P. 5 and LR 5.5, a true and correct copy of the foregoing Notice of Removal was filed with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the attorneys of record at the email addresses on file with the court, or was served by the method indicated below:

| *Counsel for Plaintiff* | |
|---|---|
| Robert J. Bingle | [ ] Via CM/ECF |
| Francis Patrick Murphy | [X] Via Email |
| Daniel S. Kirschner | [ ] Via FedEx |
| Corboy & Demetrio, P.C. | [ ] Via Hand Delivery |
| 33 North Dearborn Street, 21st Floor | [X] Via U.S. Mail |
| Chicago, Illinois 60602 | |
| ccfiling@corboydemetrio.com | |

                *s/ Richard A. Walker*
                 Richard A. Walker